Judge Carr.
In the Court below, the appellees, being judgment ere ditors of Heron, filed a bill against him and Plume. <$• Co.s charging that a deed of trust, made by Heron to Plume ¿j* Co. and which obstructed the execution of the plaintiffs, was, 1st, fraudulent; 2d, if not fraudulent, that it was void as to the plaintiffs, because not legally recorded. The Court of Chancery decided against thedoed on both grounds. I will consider the last point, first.
By the early laws on the subject, deeds are directed to be recorded, in the General or County Courts (not restricting it to the comity in which the land lay,) within six months. In 1703, they were required to he recorded in the General Court, or Court of the county whore the lands lay, within eight mouths. In 1785, they are directed to be recorded before the General Court, or Court of the county, city or corporation, where the lauds lay, within eight months. When District Courts were created, the power was given to those Courts, for lands within the district; and when the Superior Court system succeeded, the power was given to those Courts also, for lands within the county. But in ail these cases, the power was vested in the Court, and not in any officer; and the probate and order for recording, were always made in open Court. Nor was there any statutory power of recording, given to Courts, after the lapse of eight months from the delivery of the deed. Courts of record might, and did, exercise the common law power, of spreading conveyances and other instruments *428 upon their records, for safé keeping; and the inspeximus would be evidence of the execution of the deed, against the grantor and those claiming under him, if the deed were recorded on his acknowledgment; but, such a deed could claim none of the privileges of a deed recorded under the statute.
In the session of 1813, a law passed, by the first section of which it is enacted, “that the clerks of the several County and Corporation Courts, &e. are authorised and required to admit to record, at any time within the period, and in the form, now required by law, any conveyance, either on the acknowledgment of the party, or the proof on oath of such acknowledgment, by the legal number of witnesses thereto, made in the office of the respective clerks; and that any conveyance so recorded, shall have the same legal validity, in all respects, as if it were proved in open Court.” It is under this law, that the question arises.
The deed from Heron to Plume 8? Co., bears date on the 1st of September, 1817, and was admitted to record in the clerk’s office, on the 15th of February, 1819; nearly 18 months after its date. Was this deed legally recorded ? Had the clerk power, after the lapse of eight months from its date, to take probate of the deed, in his .office ? This is purely a question of construction; and before entering upon it, I will avail myself of the remarks of C. J. Willes, in Coleman v. Cook, 1 Willes’ Rep. 397, which seem to me very sound. “ When the words of an act are doubtful and uncertain, it is proper to enquire what was the intent of the Legislature; but, it is very dangerous for Judges to launch out too far, in searching into the intent of the Legislature, when they have expressed themselves in plain and clear words.”
The law I have quoted, vests a new power in clerks; a power to admit deeds to record in their offices. But, this power is limited both as to time and manner. They may record deeds in their offices, “at any time, within the period, and in the form, now required by law.” These are. *429 important limitations. It is impossible to suppose, that they crept into the law by accident; and if the Legislature intended to use them, it could be but in one sense. Strike out all these words of restriction, and the clerks are unlimited. Retain them, and they can record deeds in their office, only within eight months from the delivery; and in the form now required by law. The form required, is, the acknowledgment of the party, or proof by three witnesses. If the clerk can dispense with one of these limitations, why not with the other ? If he is not confined to the time, prescribed, why is he to the form ? If he may record deeds after the expiration of eight months, why not without proof' by witnesses, or acknowledgment by the party. The time and the form are equally clear and definite. It is just as palpable, that by the words of'the act, the deed must be presented within eight months, as that it must be proved or acknowledged; and the power, which can dispense with one of these provisions, may, without difficulty, disregard the other. That the restriction as to time, was not introduced without design, the second section of the law is strong to shew. By that, a deed may be recorded on the certificate, of two magistrates, endorsed that it has been "duly acknowledged before them by the party, and that he desires it may be recorded; “provided, that such deed, with such certificate, he delivered to the clerk, within thk ceiíiod now allowed by law.” Here is a proviso, the express and sole purpose of which is, to limit the power of recording those deeds within the clause, to eight months; shewing the settled purpose of the Legislature to tie up these new powers given to clerks and magistrates; and this knot can only be untied, eo ligamine quo ligatur, however judicial usurpation may attempt to cut it.
The 7th section of this law enacts, “that any conveyance, which shall hereafter be recorded, after the expiration of the lime now allowed by law for recording the same, shall take effect, and be valid in law, as to creditors *430 and subsequent purchasers, from the time of such recording, and from that time only.” It was strongly contended in the argument, that this section gave to clerks, by implication, the power of recording deeds in their office, after the lapse of eight months. The special and sole object of the first section was, to vest this new power in the clerks. In doing this, the legislative mind was, of necessity, directly turned to the nature and extent of the power to be given. Accordingly, the first section describes that power exactly, and limits it to eight months. Would it not seem very extraordinary, that a subsequent section of the same law should take away this limit: that of the same statute, one section should enact, that the clerks shall not record deeds after eight months; and another, that the clerks shall record deeds after eight months ? If the legislative intent had changed in the course of discussion, before passing the act, would they not have evinced that change by striking out the words of limitation in the first section, rather than by letting them stand, and inserting a subsequent section to repeal them; thus exhibiting the unseemly spectacle of two sections in the same act, in direct conflict with each other ? Ought not the words to be most clear, and the contradiction most positive and direct, which would justify us in attributing such a course to the Legislature ? And would it not violate every rule of sound construction, to repeal the first section, expressly limiting the power of the clerks to eight months, by a subsequent section, which does not mention them at all, and can only apply to them by implication; an implication, not necessary to the operation of the 7th section, nor, in my opinion, even plausible in itself? Not necessary, because, though we should decide that the clerks could not record deeds after eight months, the power of the Courts to record them would still remain, and would be fully sufficient to meet the mischief, for which the 7th section meant to provide:- Not plausible, because, in the construction of a statute, we must take into view all its different parts; and when, in one sec *431 tion it is said, that clerks shall not record deeds after eight months, and in another, that deeds, recorded after eight months, shall be valid, we must suppose, that the Legisla» ture meant, in the last case, those deeds, which Courts were always in the habit of admitting to record, under their common law power.
In the revision of 1819, there is a clear legislativo ex» position of the act of 1813. The first section is re-enacted verbatim, except with the omission of the words, “ within the period,” &c.; making the section read thus; “The clerks are authorised, at any time, to admit to record deeds,” &c.; thus shewing the idea of the Legislature, that a law was necessary to expunge those words, which this Court is asked to expunge by construction; and which must be expunged, in some way, before that, power can be considered unlimited as to time, which they expressly limit to eight months.
The 5th section of the law of 1813 directs, that after the 1st of November, 1814, deeds shall be recorded in the County and Corporation Courts only. This arrested the progress of many deeds, which had been lodged and partly proved, in the General Court, District Courts, and Superior Courts. To remedy this evil, the act of 1814, (Sessions i/icts, p. 75,) enacts, that it shall be lawful for the General Court and the several Superior Courts of law, to receive further proof of such deeds, and to admit ¿he same to record. It was insisted by the counsel for the appellants, that this law strengthened the construction he contended for; and ho asked, might not these deeds, though over eight, months old, be proved and recorded under the 7th section of the law of 1813 ? It would seem that the Legislature thought not; else, why pass another law, providing for their probate and admission to record ? And it is very clear to me, that under this last law, the clerks of the General and Superior Courts cannot receive proof of these deeds in their offices, because the law expressly confine» the probate to those Courts themselves. Why the law. *432 either in this case, or that of deeds over eight months old, should confine the probate to the Courts, in exclusion of the clerks, it might be difficult to say; nor can the reason be sought after, where the law is clear. In such cases, it is enough for the Judge to say it a lex. We decided, very lately, a case under this same law of 1813, which exemplifies this doctrine. The 5th section directs, that deeds respecting the title of personal property, shall be recorded in the Court of that county, in which the property shall remain. No doubt, the word corporation was omitted by accident; and the revision of 1819 supplied it. Yet, as it was not in the law, we decided without hesitation, that a deed for slaves, recorded in the Corporation Court of Richmond, where all the parties lived, and where a recording was best for every purpose of notice, was void as to creditors; and this upon the ground, that the law being clear, we had nothing to do with the reason or propriety of it.
Upon this view of the case, I am of opinion, that the deed, as to the plaintiffs who are judgment creditors, is to be taken as an unrecorded deed, and void. Being against the appellants on this ground, it is unnecessary to consider the question of fraud.
I think the decree of the Court below, should be affirmed,
Judge Coalter.
The act of 1813, ch. 10, provides by the first section, that the clerks of the several county and corporation Courts, and their deputies, be authorised and required to admit to record, at any time within the period, and in the form now required by law, any conveyance, either on the acknowledgment of the party, or the proof on oath by the legal number of witnesses thereto, &c.; and that any conveyance, so recorded, shall have the same legal validity, &c. as if proved in open- Court.
The 3d section requires the clerks on the first day of every term, to return to the Court a correct list of all con *433 veyanees by them admitted to record, in manner aforesaid, since the term last preceding; specifying therein, the proof or acknowledgment of such conveyances, &c. and a description of the conveyance, by the names of the parties thereto, &c.; and when the list has been inspected by the Court, it is to he inserted in the minutes, &c.
The 7th section provides, that any conveyance which shall hereafter be recorded, after the expiration of the time now allowed by law for recording the same, shall take effect and bo valid in law, as to creditors and subsequent purchasers, from the time of such recording, and from that time only.
In this case, the deed, under which the appellant claims, was executed on the 1st of September, 1817, and was proved and recorded in the clerk’s office, on the oath of three witnesses, on the ISth of February, 1819, (a few days before the passage of the act of 1819, on this subject;) and the question is, whether it is a deed duly recorded ?
This act is amendatory of the act of 1792, regulating conveyances; and the two first sections of those acts, read together, would be this; that no estate of inheritance, &c. shall be conveyed, unless by deed, &e.; nor shall such conveyance be good against a purchaser, &c. unless it be acknowledged by the party, or proved by three witnesses, before the Court, or in the clerk’s office, before the clerk or his deputy, of that county, city, or corporation, whore the land lies, and within eight months after the time of sealing or delivery.
Had the act of 1813, contained no other provision, than is found in the 1st and 3d sections, it would have been so read and construed; and then this deed, whether proved after the eight months, either before the Court or in the clerk’s office, would not have been good against the creditors. The clerk was simply invested with the same power, that the Court before had, of taking the acknowledgment on proof, and admitting the deed to record. The power ?n neither could be called judicial, in the ¡strict sense; for, *434 there was no day given to any party interested in contesting the regularity of the proceedings; nor would they be precluded from doing so thereafter. The object was, to relieve the Court during term time, of the pressure at the clerk’s table in taking proof and acknowledgment of deeds, which was always done by the clerk as a matter of course, without any application to the Court. It was, in short, to enable him to do in the office, what he was in the constant habit of doing at the clerk’s table, without the interference or even knowledge of the Court, until it was announced in reading the minutes. The publicity given to the business by its being done in Court, and read in the minutes, was supplied by the list directed in the 3d section. So far as this goes, then, the plain object and effect of the law was to give the clerk in the office, the same power as the clerk in the Court.
Suppose the law had stopped here, and that at a succeeding session, the 7th section had been enacted, as a distinct law. What would have been its construction ? It seems to me, we would have said this: The Legislature, in the laws previous to that of 1785, (from which the act of 1792 was taken,) had prohibited the Courts from admitting to record deeds not acknowledged or proved within the time limited; notwithstanding which, it had frequently happened that deeds were so recorded, and the Legislature had, from time to time, been called on to legalize these transactions, as will be seen in the laws of 1705, 1710, and 1748, on this subject, and I believe, others; and therefore, to prevent future applications and difficulties on this subject, and the injustice of legalizing deeds not recorded in time, whereby a retrospective operation would be given to them, the law wisely intended to provide a general and equitable rule on the subject; to wit, that as the parties, where the eight months bad expired before it was convenient to have the deed recorded, might execute and receive a new deed, and as the old deed-is still good between them, it may be admitted to record, so as to be preserved as to *435 them, and to have the same effect as to purchasers and creditors, as if a new deed had then been executed.
J3ut it is asked, how, or when is it to be recorded, how proved, &c.? No jurisdiction is given by the act to any one, to take the acknowledgment and proof, or to record it. The acts, both as to the power of the Court and clerk, restrict the recording and taking proof, &c. to deeds executed and delivered within eight months.
The reasonable, and indeed the only fair construction that could be given to it, it seems to me, would be this; that any conveyance which shall hereafter be rc‘ corded (not in any Court whatever, but) in the Court of the county where the land lies, after the expiration of the time now allowed by law, §■<:., by the authority having power to take the acknowledgment and proof of deeds, and to record the same, shall take effect, and be valid in law, &c. And that this would have been the sound construction, had the matter of this 7th section been the -subject of a distinct act, seems to me nof only manifest from the reason and nature of the thing, but from the legislative construction put on the act when brought into one by the revision of 1819. Why should the clerk have authority to take proof of, and record a deed, which was to have a retrospective effect, and not one which was merely to operate from the day on which it was recorded ? The eight months might run out, if it could not be done in the clerk’s office, in the one case, so as to injure the party; and so, in the other, as he could not get his witnesses until the day after the eight months if he must wait for a Court, some one may purchase, &c., and he may thus be injured. They both seem to stand on the same ground of expedience, and as the act docs not speak of a recording by order of Court, any more than in the clerk’s office, it must have reference to both modes, and impliedly to extend the power of those having a right to take proof, &c. and to record within the lime, fyc. to the case of deeds out of date-
*436 But if this would be the construction, had this provision *n the law been enacted at a subsequent session, I cannot see why it shall not be so construed in the present ease.
The 7th section seems to speak this language; that though deeds, if they are to operate retrospectively, can only now be acknowledged or proved and recorded within eight months, by the County Courts, or by the clerks in their offices, as provided by this act; yet they may hereafter be recorded, after the expiration of the time, Sfc. in the same manner as deeds are to be recorded within the time, fyc.; but such deeds shall only take effect and be valid as to creditors, &c. from the time of such recording.
The practice, so far as we may judge from this case, may have been, and probably has been, to record deeds, whether out of date or not, by proof, &c. in the clerk’s office; and as that is clearly now the law, and was so a few days after this deed was recorded, it is expedient to adopt this construction if it can be done, as I think it may.
I think, therefore, that the deed is to be taken as duly recorded.
It is not necessary to give an opinion on the other point, as by the opinion of the majority, this seems to settle the question.
Judge Cabell concurred with Judge Carr, and the decree was affirmed.*

 The Pkesieekt and Judge Greek absent